*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 7, 2024

Plaintiff-Appellee,

v

No. 365009
Kalamazoo Circuit Court
LC No. 2022-000033-FC

ROBERT LOUIS PRANGE III,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and JANSEN and GARRETT, JJ.

GARRETT, J. (*concurring*).

I concur in the majority's decision to affirm defendant's convictions and sentences. I write separately to highlight a troubling decision by defendant's trial counsel that was not raised on appeal.

In *People v Thorpe*, 504 Mich 230, 235; 934 NW2d 693 (2019), our Supreme Court held that "examining physicians cannot testify that a complainant has been sexually assaulted or has been diagnosed with sexual abuse without physical evidence that corroborates the complainant's account of sexual assault or abuse because such testimony vouches for the complainant's veracity and improperly interferes with the role of the jury." *Thorpe* did not break new legal ground on this point; our Supreme Court had reach similar conclusions for decades in child sexual abuse cases. See *People v Peterson*, 450 Mich 349, 374; 537 NW2d 857 (1995) (holding that an expert generally "may not testify that the particular child victim's behavior is consistent with that of a sexually abused child" because doing so "comes too close to testifying that the particular child is a victim of sexual abuse"); *People v Beckley*, 434 Mich 691, 725; 456 NW2d 391 (1990) (opinion of BRICKLEY, J.) (explaining that an "expert must not render an opinion that a particular behavior or a set of behaviors observed in the complainant indicates that sexual assault in fact occurred"); *People v Smith*, 425 Mich 98, 112-113; 387 NW2d 814 (1986) (holding that a doctor's opinion that the complainant had been sexually assaulted was erroneously admitted because it was not based on any medical findings and constituted "an inadmissible lay witness' opinion on the believability of the complainant's story").

Yet in this case, despite no physical evidence to corroborate the complainant's disclosure of sexual assault, trial counsel inexplicably asked Dr. Sarah Brown, the examining physician, whether she diagnosed the complainant with "child sexual abuse." Dr. Brown, who admitted she was "surprised" to be asked that question in court, confirmed that she did, in fact, diagnose the complainant with child sexual abuse. Although no fault of her own for answering the question posed, Dr. Brown's testimony was plainly inadmissible under *Thorpe*.[1] That said, defendant's appellate counsel has not raised trial counsel's decision to elicit Dr. Brown's testimony as a claim of ineffective assistance of counsel, so I offer no opinion on whether such a claim would ultimately succeed. With these added thoughts, I concur.

/s/ Kristina Robinson Garrett

---

[1] Dr. Brown, in a likely attempt to minimize the effect of her testimony, clarified later that her conclusion of child sexual abuse was "not a legal determination" but "a medical diagnosis" based on "what is said to have happened." Rather than move on from this line of questioning, defense counsel kept pressing about how Dr. Brown reached her diagnosis. On redirect examination, Dr. Brown also explained that her "understanding of the legal system [is] that the Court of Appeals and Supreme Court of Michigan does not want medical diagnosis to enter the courtroom."